UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIA ESCOBAR,

    Plaintiff,

    v.

MORTGAGEIT, INC., et al.,

    Defendants.

_____/

No. C 10-0692 PJH

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

    Plaintiffs' motion for a temporary restraining order came on for hearing before this court on March 31, 2010. Plaintiff Maria Escobar ("plaintiff"), appeared through their counsel, Marc C. Fisher. None of the named defendants made an appearance. Having read plaintiff's papers and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion for temporary restraining order, for the reasons stated at the hearing, and summarized as follows:

    Preliminarily, it is unclear from her papers whether plaintiff's request for a temporary restraining order proceeds on an ex parte basis. While the papers themselves at various points reference plaintiff's request as an "ex parte application," the substance of plaintiff's request does not make this apparent. Furthermore, plaintiff's initial request is devoid of any declaration that complies with the requirements Federal Rule of Civil Procedure ("FRCP") 65 – a necessary prerequisite before a temporary restraining order may be issued on an ex parte basis. See Fed. R. Civ. P. 65(b) (plaintiff must file an affidavit or verified complaint that sets forth "specific facts . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in

opposition," and furthermore, a written certification by the plaintiff's attorney of the "efforts made to give service and the reasons why it should not be required").  Plaintiff's counsel having made clear at the hearing, however, that plaintiff does in fact seek relief on an ex parte basis, the court granted plaintiff until the end of the day today in which to file a declaration that is compliant with the requirements of FRCP 65.  The close of business day now having passed, plaintiff has failed to file any proper FRCP 65 declaration.  Accordingly, plaintiff's ex parte request for a temporary restraining order, having failed to satisfy the requisite procedural requirements, must be denied.

The court furthermore notes that denial of plaintiff's request is also warranted because, even assuming that plaintiff had satisfied the procedural requirements for issuance of a temporary restraining order on an ex parte basis, plaintiff has nonetheless failed to establish that she is likely to succeed on the merits of the three underlying claims she relies on in her request for a temporary restraining order, as required under Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 374 (2008).  To the extent plaintiff argues that she has a valid wrongful foreclosure claim because defendants are not the beneficiaries or owners of the promissory note in question, plaintiff's only proffered evidence is based on allegations made on "information and belief," which are insufficient, standing alone, to establish a likelihood of success.  Similarly, plaintiff's argument that wrongful foreclosure may be demonstrated by her valid rescission of the mortgage loan under TILA, is unavailing.  Plaintiff's TILA claim is unsupported by specifically articulated facts in the first instance, and furthermore suffers from the likelihood that it is time-barred.  Plaintiff alleges, for example, that she purchased the property in May 2006 – which falls beyond the broadest three year rescission time frame that TILA allows.

Finally, plaintiff's last remaining substantive argument – i.e., that defendants violated the foreclosure requirements set forth in Cal. Civil Code §§ 2923.5 and 2924 – fares no better.  Plaintiff's supporting declaration states that no "personal or telephonic meeting" regarding alternative financial options took place between her and IndyMac as required

under the statute, even though she was available to meet with IndyMac at all times and attempted to contact IndyMac several times regarding a loan modification. See Declaration of Maria Escobar ISO TRO Application, ¶¶ 10-17.   The provisions of the statute relied on by plaintiff, however, expressly state that a qualifying "mortgagee, beneficiary, or authorized agent" is only required to conduct an actual "meeting" (beyond an initial contact) if plaintiff specifically requests it.  See Cal. Civil Code § 2923.5(a)(2) (during an initial contact, "the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, *if requested*, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur")(emphasis added). Plaintiff's declaration, however, does not state that she ever specifically requested a meeting.  Plaintiff's counsel was similarly afforded an opportunity to cure this defect by a revised declaration to be filed by day's end.  None has been filed.

Because plaintiff's "ex parte" request for a temporary restraining order has failed to satisfy the procedural requirements of FRCP 65, or additionally meet the requisite substantive legal standard, plaintiff's request is accordingly hereby DENIED.  If for any reason plaintiff wishes to proceed with a hearing on a motion for preliminary injunction (for instance if the foreclosure sale is postponed), plaintiff may simply notice the motion on a 35 day briefing schedule.  Plaintiff shall serve the complaint and summons in addition to such motion, on each defendant.

**IT IS SO ORDERED.**

Dated: March 31, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

3